**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIANG GUI XIE, | No. 13-71869 |
| Petitioner, | Agency No. A076-279-971 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2015[**]

Before:     FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Xiang Gui Xie, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's order denying his motion to reopen and rescind his in absentia removal

order. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Xie's motion to reopen on the basis of lack of notice of his hearing, where notice of his hearing was sent to his address of record, his attorney of record had actual notice of the hearing and Xie was personally served a notice to appear including all proper advisals. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen to rescind an in absentia removal order may be "filed at any time if the alien demonstrates that he or she did not receive notice" of the hearing); 8 C.F.R. § 1292.5(a) (permitting service upon an alien's counsel of record); 8 U.S.C. § 1229(c) ("[s]ervice by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien" and the alien was served a notice to appear with the required advisals concerning the alien's obligation to inform the agency of his address and the consequences of failing to do so).

Nor did the agency violate Xie's due process rights, as notice of his hearing was reasonably calculated to reach him. *Popa v. Holder*, 571 F.3d 890, 897 (9th Cir. 2009) ("Due process is satisfied if service is conducted in a manner 'reasonably calculated' to ensure that notice reaches the alien," even if the alien

does not actually receive the notice.  (internal citation and quotation marks omitted)).

The agency did not abuse its discretion in denying as untimely Xie's motion to reopen on the basis of ineffective assistance of counsel, where Xie filed his motion more than 12 years after his order of removal became final, 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen to rescind an in absentia removal order based on exceptional circumstances must be filed within 180 days of a final order of removal), and he failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the alien exercises due diligence in discovering such circumstances).

In light of this disposition, we do not reach Xie's remaining contentions.

**PETITION FOR REVIEW DENIED.**